Case 2:22-cv-00101   Document 25   Filed on 01/20/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00101 |
| | § | |
| PLACIDO SAMANIEGO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Roy Jackson, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned respectfully recommends that: (1) the defendant listed as **"Unknown Officer"** be dismissed from this case; (2) Plaintiff's § 1983 claims against Defendants be dismissed with prejudice as both frivolous and malicious; (3) Plaintiff's claims seeking habeas relief be **DISMISSED without prejudice**; (4) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g);[1] and (5)

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

Plaintiff be **WARNED** that he may be subject to sanctions, including monetary sanctions, should be file another repetitive lawsuit asserting these same or similar claims in federal court.

## I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is confined in the McConnell Unit in Beeville, Texas. On April 25, 2022, Plaintiff filed a *pro se* civil rights complaint in the Houston Division against: (1) Placido Samaniego, McConnell Unit Assistant Warden; (2) an Unknown McConnell Unit Corrections Officer; and (3) an unnamed police officer in Conroe, Texas.  (D.E. 1).  On May 4, 2022, District Judge Keith P. Ellison dismissed Plaintiff's claims against the unknown Conroe police officer[2] and ordered Plaintiff's claims against the two McConnell Unit employees to be transferred to the Corpus Christi Division. (D.E. 8).

---

[2] The unknown Conroe police officer has been listed in this case as "Unknown Officer."  Because all claims against this defendant were dismissed by Judge Ellison in the related Houston case, the undersigned respectfully recommends that the "Unknown Officer" be dismissed from this case.

On May 31, 2022, Plaintiff filed an Amended Complaint in this case, naming TDCJ Director Bobby Lumpkin and John Doe as defendants. (D.E. 13). The undersigned construes Plaintiff's Amended Complaint as a supplemental complaint.[3] By separate order, the undersigned will direct that Lumpkin and John Doe be added as defendants in this case. Accordingly, the defendants in this case are Samaniego, Unknown McConnell Unit Corrections Officer, Lumpkin, and John Doe (collectively "Defendants").

In the original complaint, Plaintiff alleges that both Samaniego and the unknown corrections officer stalked him with the intent to influence his appeal from his state criminal conviction. (D.E. 1, pp. 3-4). Plaintiff alleges that the unknown McConnell Unit official assisted in fabricating evidence against Plaintiff. (*Id.*).

In his supplemental complaint, Plaintiff claims that both Lumpkin and John Doe subjected him to false imprisonment. He further lists in a conclusory manner conspiracy and RICO claims against John Doe. (D.E. 13, p. 3). All of Plaintiff's claims arise in connection with his general allegations that: (1) state officials have interfered with his state criminal trial and appeal; and (2) officials have fabricated evidence against Plaintiff. (*Id.* at 4). Plaintiff alleges that he committed no crime and that he is, therefore, falsely

---

[3] The undersigned notes that Plaintiff's Amended Complaint (D.E. 13) was executed and mailed to the Court after Judge Ellison's order, which transferred in part and dismissed in part Plaintiff's claims set forth in his original complaint. Plaintiff styled his Amended Complaint with the case number "4:22-cv-1322" and wrote "Houston Division" at the top of page one. (D.E. 13, p. 1). Nevertheless, Plaintiff's Amended Complaint was docketed in the case opened in the Corpus Christi Division. Out of an abundance of caution, the undersigned will construe this Amended Complaint as a supplement to the original complaint rather than a complaint wholly superseding the original complaint.

imprisoned. (*Id.*). Plaintiff seeks monetary relief, a new criminal trial, release from prison, and his state criminal record cleared. (D.E. 1, p. 4; D.E. 13, p. 4).

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not

dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

**IV.   DISCUSSION**

Plaintiff is presently serving cumulative life sentences based on his 2015 convictions in Montgomery County for continuous sexual abuse of a child under age 14

and aggravated sexual abuse of a child under age 14. *See Jackson v. State*, Nos. 09-15-00071-CR, 09-15-00072-CR, 2016 WL 1159207, at *1 (Tex. App. – Beaumont Mar. 23, 2016). Plaintiff's claims relate to whether he was wrongfully convicted in Montgomery County. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

Plaintiff's pleadings in this case are substantially similar to two lawsuits filed by him in the Houston Division of this Court. In *Jackson v. Schilhab*, Civ. A. No. H-21-3531 (S.D. Tex. Jan. 20, 2022), which was filed several months before this case, Plaintiff alleged among other things that officials had fabricated evidence and interfered with his appeals. By order entered on January 20, 2022, District Judge Ewing Werlein, Jr. dismissed these claims against defendants residing in the Houston Division as *Heck*-barred and transferred the remainder of Plaintiff's claims to the districts where the other defendants were located. *See Jackson v. Schilhab*, A. No. H-21-3531, D.E. 12.

Plaintiff subsequently filed a prisoner civil rights action in the Houston Division against Lumpkin and an unknown State of Texas employee, alleging again that Texas state officials had interfered with his criminal trial, appeal, and/or habeas proceeding and also fabricated evidence against him. *See Jackson v. Lumpkin*, Civ. A. No. A-22-2300 (S.D.

Tex. Oct. 5, 2022). After noting the similarity of Plaintiff's claims to his claims raised in *Jackson v. Schilhab*, Judge Werlein determined that "[Plaintiff's] duplicative claims regarding fabrication of evidence and interference with his appeal that are asserted in this case are also barred by *Heck*." *Id.*, D.E. 6. In addition to dismissing the case as frivolous, Judge Werlein determined that *Jackson v. Lumpkin* also was subject to dismissal as "malicious" because Plaintiff had filed a duplicative case less than six months after the dismissal of *Jackson v. Schilhab*. *Id.*

In this case, Plaintiff also seeks to raise duplicative claims challenging state officials for interfering with his criminal trial and appeals and fabricating evidence against him. As with both *Jackson v. Schilhab* and *Jackson v. Lumpkin*, Plaintiff's claims are barred by *Heck* because he has failed to show that his Montgomery County conviction "has been reversed by direct appeal, expunged by executive order, declared invalid by a state tribunal … or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Accordingly, Plaintiff's § 1983 claims against Defendants are subject to dismissal with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). Furthermore, Plaintiff's claims are subject to dismissal with prejudice as malicious because the claims are duplicative of claims dismissed in *Jackson v. Schilhab* and more recently in *Jackson v Lumpkin*. *See Pittman v. Moore*, 980 F.2d 994,

994 (5th Cir. 1993) (per curiam). *See also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte).*

Moreover, to the extent that Plaintiff claims he was wrongfully convicted and is entitled to release from prison, his sole remedy is via a 28 U.S.C. § 2254 federal habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Plaintiff's federal habeas challenge to his convictions previously was denied on the merits in *Jackson v. Davis*, Civ. A. No. H-19-1269 (S.D. Tex. Jan. 17, 2020). In 2021, the Fifth Circuit denied Plaintiff's first motion for authorization to file a successive federal habeas petition. *In re: Roy Wayne Jackson, Jr.*. No. 21-20315 (5th Cir.). His second motion for authorization was dismissed in 2021 for failure to prosecute. *In re: Roy Wayne Jackson, Jr.*. No. 21-20398 (5th Cir.). Thus, the undersigned declines to construe any part of Plaintiff's complaint as a federal habeas action.

## V.     RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that: (1) the defendant listed as **"Unknown Officer"** be dismissed from this case; (2) Plaintiff's § 1983 claims against Defendants be **DISMISSED with prejudice** as both frivolous and malicious; (3) Plaintiff's claims seeking habeas relief be **DISMISSED without prejudice**; (4) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g); and (5) Plaintiff be **WARNED** that he may be subject to sanctions, including monetary sanctions, should he file another repetitive lawsuit asserting these same or similar claims in federal court.

The undersigned respectfully recommends further that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on January 20, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).