United States District Court
Southern District of Texas
**ENTERED**
March 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY JACKSON, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:22-CV-00101 |
| | § |
| PLACIDO SAMANIEGO, *et al.*, | § |
| | § |
| Defendants. | § |

## ORDER ADOPTING MEMORANDUM
## AND RECOMMENDATION TO DISMISS CASE

Pending before the Court is Plaintiff's complaint (D.E. 1, 13) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On January 20, 2023, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation to Dismiss Case (M&R, D.E. 25), recommending that Plaintiff's complaint be dismissed, it count as a strike, and Plaintiff be warned about the consequences of accumulating three strikes in his federal litigation. The bases for dismissal are that (1) this case is duplicative of prior cases filed by Plaintiff, which cases have been dismissed as barred and as frivolous, and (2) many of his complaints require filing as a habeas petition, and Plaintiff has filed previous actions seeking habeas relief, which have been denied, such that this Court should not construe or consider the complaint as a habeas action. D.E. 25.

Plaintiff timely filed his objections (D.E. 29). D.E. 29-2. Plaintiff's objections do not address the legal or factual analysis of the M&R but rather rails against the decision with the following expressed thoughts and conclusions:

- The case has already been dismissed;
- The Clerk of Court should not have advanced separate pleadings;
- The case is not frivolous or malicious and the Court cannot say that he is lying without a trial;
- He needs the assistance of a court-appointed lawyer;
- The Clerk of Court is abusing his power by taking his filing fee and dismissing the case in violation of his equal protection rights;
- Labeling the dismissal as a strike is impermissibly retaliatory;
- The Court knows that Plaintiff is mentally challenged and failed to appoint an attorney ad litem;
- The Court should have ordered an investigation of his claims and cannot dismiss the claims without first investigating them;
- The Court conspired to discriminate against Plaintiff to violate federal law;
- A Clerk's error is not Plaintiff's fault;
- The Court should be lenient with Plaintiff because he is appearing pro se;
- Warden Samaniego lies, but the Court should question him about Plaintiff's complaints of stalking;
- Plaintiff should not be subjected to any penalty after voluntarily dismissing a case earlier; and
- Plaintiff never lied and prior Courts allowed him to proceed.

D.E. 29. In the end, however, Plaintiff states that he only wants his filing fee back and the removal of the strike from his record.[1]

---

[1] Plaintiff has filed two motions since the issuance of the M&R in which he seeks to dismiss this case and obtain a refund of filing fees. D.E. 26, 28. The Magistrate Judge has denied both motions without prejudice, explaining that the erroneous duplicate fee was never, and will not be, collected and that his past payments toward the single filing fee for this case are not refundable. D.E. 27, 30.

Plaintiff has failed to state a specific objection to the M&R's analysis. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The objections are **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, (1) the defendant listed as "Unknown Officer" is dismissed from this case; (2) Plaintiff's § 1983 claims against Defendants are **DISMISSED** with prejudice as both frivolous and malicious; (3) Plaintiff's claims seeking habeas relief are **DISMISSED** without prejudice; (4) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g); and (5) Plaintiff is **WARNED** that he may be subject to sanctions, including monetary sanctions, should he file another repetitive lawsuit asserting these same or similar claims in federal court. The Clerk of Court is further **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**ORDERED** on March 10, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE